Filed 6/24/13  P. v. Molina CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARAGON MOLINA,<br><br>    Defendant and Appellant. | B245804<br><br>(Los Angeles County<br>Super. Ct. No. LA069445) |

THE COURT:[*]

Defendant and appellant Aragon Molina (defendant) appeals his judgment of conviction of misdemeanor possession of marijuana.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On April 8, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed and defendant has submitted no letter or brief.  We have reviewed the entire record and finding no error or other arguable issues, we affirm the judgment.

---

[*]    BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

After Los Angeles Police Department officers conducted a search of the garage of defendant's home and found jars of marijuana and marijuana plants defendant was charged with cultivating marijuana in violation of Health and Safety Code section 11358 (count 1) and possession of marijuana for sale in violation of Health and Safety Code section 11359 (count 2).

Defendant brought a motion to suppress evidence under Penal Code section 1538.5. The evidence at the hearing showed that Detective Michael Snowden and other law enforcement officers accompanied a parole agent to the home of parolee Todd Everett (Everett) to conduct a "parole compliance check." Everett's wife, son, brother-in-law (Arnold Molina (Molina)), and other relatives lived in the home. Defendant, Molina's son, lived in the attached garage. According to Molina, Everett had moved out approximately two months before the search. The officers conducted a sweep of the house in search of Everett, but did not find him. Though Molina gave the officers a key to the garage, defendant came out just as they were about to open the door. While searching the garage for Everett, the officers saw the jars containing a substance resembling marijuana. Defendant then agreed to a full search of the garage where the officers found 24 jars of marijuana, 27 growing plants, and other evidence.

After the trial court denied the motion to suppress evidence, defendant agreed to plead no contest to misdemeanor possession of marijuana. On December 6, 2012, the information was amended by interlineation to add count 3, charging a violation of Health and Safety Code section 11357, subdivision (c). Upon taking defendant's plea, the trial court dismissed counts 1 and 2. The court suspended imposition of sentence and placed defendant on summary probation for two years under specified terms and conditions, and ordered defendant to pay mandatory fines and fees. Defendant filed a timely notice of appeal from the judgment.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the

2

judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.